UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARNELL BRANTLEY, et al.,<br><br>  Plaintiffs.<br><br>  v.<br><br>MORTGAGE ELECTRONIC SYSTEMS INC., et al.,<br><br>  Defendants. | Case No. 14-cv-05108-JSC<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

On November 19, 2014, *pro se* Plaintiffs Carnell and Arstella Brantley filed the instant complaint. (Dkt. No. 1.) Arstella Brantley then filed an application to proceed *in forma pauperis* ("IFP"). (Dkt. No. 2.) Finding that Arstella Brantley satisfied the economic eligibility requirement of 28 U.S.C. § 1915(a)(1), the Court granted her application to proceed IFP. (Dkt. No. 4.) At the same time, the Court ordered Carnell Brantley to either file his own application to proceed IFP or pay the filing fee within 14 days. (*Id.*) His deadline to do so has long since passed, and he has not complied with the Court's order. In any event, in that order the Court did not address whether the complaint should be dismissed under 28 U.S.C. § 1915(e)(2). (*See id.*) Now, having examined Plaintiffs' complaint, the Court concludes that Plaintiffs' complaint fails to state a claim. The Court DISMISSES Plaintiffs' Complaint with leave to amend and ORDERS Carnell Brantley to file his own IFP application or pay the filing fee within 14 days of this Order.

## LEGAL STANDARD

The Court must dismiss an *in forma pauperis* ("IFP") complaint before service of process if it is frivolous, fails to state a claim, or contains a complete defense to the action on its face. 28 U.S.C. § 1915(e)(2). The Court retains discretion over the terms of dismissal, including whether to grant leave to amend. *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir.2000).

Regarding dismissals for failure to state a claim, Section 1915(e)(2) parallels the language

of Federal Rules of Civil Procedure 12(b)(6). *Lopez,* 203 F.3d at 1127. In considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, the Court must accept as true the allegations of the complaint in question, *Erickson v. Pardus,* 551 U.S. 89, 94 (2007), and construe the pleading in the light most favorable to the plaintiff, *see Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). To avoid dismissal, a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). Indeed, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* Furthermore, a claim upon which a court can grant relief must have facial plausibility. *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. Put another way, a court may properly dismiss a complaint for failure to state a claim "where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (internal quotation marks omitted) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009), and *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).

In addition, on Section 1915 review, a complaint must comply with Rule 8(a), which requires that the complaint set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to state the specific acts of the defendant that violated the plaintiff's rights fails to meet the notice requirements of Rule 8(a). *See Hutchinson v. United States*, 677 F.2d 1322, 1328 n. 5 (9th Cir. 1982). In addition, Rule 8(e) requires that each averment of a pleading be "simple, concise, and direct." *See McHenry v. Renne*, 84 F.3d 1172, 1177, 1179 (9th Cir. 1996) (affirming dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"). While the federal rules require brevity in pleading, a complaint nevertheless must be sufficient to give the defendants "fair notice" of the claim and the "grounds upon which it rests." *Erickson*, 551 U.S. at 93 (quotation and citation omitted).

Additionally, under Rule 9(b), "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." In particular, the complaint must include specificity regarding the charged conduct, including the "who, what, when, where, and how." *Reed v. Wells Fargo Bank*, 2011 WL 4802542, at *3 (N.D. Cal. Oct.11, 2011). "[T]he circumstances constituting the alleged fraud must be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). When alleging that fraudulent statements were made, a plaintiff must identify the false statements and indicate why they were false. *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994).

**DISCUSSION**

Plaintiffs have sued the Mortgage Electronic Systems, Inc. ("MERS"), Ocwen Loan Servicing, LLC ("Ocwen"), and a number of Doe Defendants. (*See* Dkt. No. 1 at 4.) The claims in the complaint appear to arise out of Defendants' attempts to foreclose Plaintiffs' property located at 5919 Charles Avenue, El Cerrito, CA 94530 (the "Property"). (*Id.*) Based on Defendants' foreclosure-related conduct, Plaintiffs assert claims for breach of the covenant of good faith and fair dealing (First Cause of Action); forgery and fraud (Second Cause of Action); intentional misrepresentation (Third Cause of Action); and "to set aside a defective voice and wrongful foreclosure process" under "California foreclosure laws." (*Id.* at 14-17.)

As far as the Court can tell, the gravamen of Plaintiffs' claim appears to be that Defendants lack authority to foreclose on their home. At least part of their argument appears to be that MERS, which at one point held an interest in the Plaintiffs' mortgage, assigned the loan to Ocwen as a third-party debt collector when it had no legal authority to do so. (*See id.* at 3.) Because the assignment of the underlying mortgage note was invalid, Plaintiffs argue, Defendants have no standing to foreclose on their home. (*See id.*)

Plaintiffs' Complaint contains almost no facts. Plaintiffs have alleged generally that Defendants have stated a claim of ownership over the Property that Plaintiffs allege is theirs. (Dkt. No. 1 at 3.) And at one point they mention that "robo-signers" were involved in signing

3

1  legal documents pertaining to their property. (*Id.* at 5.) But Plaintiffs do not provide any further
2  factual content that relates to the Property—such as when they first took out their mortgage, with
3  which institution they did so, when the assignment occurred, when a notice of default or notice of
4  sale, if any, were filed, and what the present status of the property is. Nor have they included facts
5  pertaining to Defendants' actions taken with respect to the Property. Equally troubling is that a
6  good portion of the allegations in the Complaint simply make no sense. Plaintiffs cite to exhibits
7  that are not attached to the Complaint; state that the case involves property in Washington County,
8  Oregon instead of Contra Costa County, California (Dkt. No. 1 at 6); reference individuals or
9  lawyers not a party to this action (*see, e.g.*, *id.* at 4 (referencing "Plaintiffs Duran McNeal"); *id.* at
10 10 (referencing defendant "Bank of New York Mellon"); *id.* at 9 (statements purportedly written
11 by counsel)); refer to Defendants' representations before the Court, when Defendants have not
12 even appeared in this matter (*id.* at 13); and elsewhere directs the Court to dismiss the Complaint
13 (*id.* at 13). Further, the claims for relief are themselves are vague: in the fourth cause of action,
14 Plaintiffs refer generally to "California Foreclosure Laws" without a particular statute. (*Id.* at 17.)
15     In short, there is not enough factual matter to state a facially plausible claim to relief, *see*
16 *Shroyer*, 622 F.3d at 1041, let alone enough specificity to comply with the heightened pleading
17 standards required for claims of fraud, *see Reed*, 2011 WL 4802542, at *3. Likewise, because
18 Plaintiff has included a multitude of facts that do not appear related to the Property at issue in this
19 case, the Court is unable to determine whether the allegations state a cognizable claim for relief
20 and Plaintiffs' claims cannot proceed as pled. *See, e.g.*, *McHenry*, 84 F.3d at 1177 (noting that
21 "confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on
22 litigants and judges" and do not state a claim for relief). At bottom, the Complaint as written does
23 not put Defendants on notice of the Plaintiffs' claims, and therefore must be dismissed. *See*
24 *Erickson*, 551 U.S. at 93.

**CONCLUSION**

26 For the reasons explained above, the Complaint fails to state a claim upon which relief can
27 be granted. Because "pro se litigant[s are] entitled to notice of the complaint's deficiencies and an
28 opportunity to amend prior to dismissal of the action[,]" *Lucas v. Dep't of Corrs.*, 66 F.3d 245,

4

1  248 (9th Cir. 1995), and because amendment is not futile in this case, *see Baldoza v. Bank of*
2  *America, N.A.*, No. C-12-05966-JCS, 2013 WL 978268, at *10-12 (N.D. Cal. Mar. 12, 2013)
3  (describing grounds to challenge foreclosure under California law, including allegations that the
4  defendant does not have authority to foreclose), the Court dismisses Plaintiffs' Complaint with
5  leave to amend.  An amended complaint, if any, shall be filed within twenty (20) days of the date
6  of this Order.  Failure to file an amended complaint by this deadline will subject the action to
7  dismissal with prejudice.

8  In addition, Plaintiff Carnell Brantley has 14 days from the date of this Order to file an
9  Application to Proceed IFP or pay the filing fee for this case.  This is a generous extension of
10  Carnell Brantley's deadline to do so, which has long since passed.  Failure to comply with this
11  order may also subject the action to dismissal.  *See* Fed. R. Civ. P. 41(b) (providing that dismissal
12  may be appropriate "[i]f the plaintiff fails to . . . comply with a court order"); *see also Hells*
13  *Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("courts may
14  dismiss under Rule 41(b) *sua sponte*[.]").

15  **IT IS SO ORDERED.**

16  Dated:  February 23, 2015

17  _____
18  JACQUELINE SCOTT CORLEY
    United States Magistrate Judge

United States District Court
Northern District of California

5